Strafford,
Apr. 7, 1953. } No. 4198.

JAMES G. VAKALIS *v.* CHARLES SMART.

*John M. Brant* for James G. Vakalis, filed no brief.

*Charles F. Hartnett* (by brief and orally), for Charles Smart.

DUNCAN J. The defendant argues that a finding of contributory negligence on the part of the plaintiff was compelled as a matter of law because of his admitted speed, and his failure to anticipate the defendant's conduct (*Fine* v. *Parella*, 92 N. H. 81; *Tufts* v. *White*, 92 N. H. 158), and to avoid the accident by using "the almost thirty feet of pavement," presumably to the left of the Smart car before it commenced its turn.

In support of this argument reliance is placed on the denial of the defendant's request number three, that "there is evidence that the speed of the Vakalis motor vehicle was excessive . . . and that such speed caused or contributed to cause the accident." The argument is made that by denying the request the Court ruled as a matter of law that negligence on the part of Vakalis could not be found from the

evidence. This contention misinterprets the action of the Trial Court in denying the request. Under the statute (R. L., c. 370, s. 13), the Court is required upon request to state "the facts found." *Black* v. *Fiandaca,* 98 N. H. 33, 38. The Court expressly found that Vakalis' speed "was not excessive or unreasonable under all the circumstances." This was a finding of fact within the meaning of the statute, and the defendant's third request was properly denied, both because made unnecessary by the express finding, and because it was not a request to state "the facts found," within the meaning of the statute. See *Pettee* v. *Chapter,* 86 N. H. 419, 425, 426 ; *Oullette* v. *Ledoux,* 92 N. H. 302; see also, *Thistle* v. *Halstead,* 96 N. H. 192; *Bolduc* v. *Company,* 97 N. H. 360, 363.

The evidence did not establish that the plaintiff was guilty of contributory negligence as a matter of law. The defendant's argument, based upon *Fine* v. *Parella, supra,* is answered by what was said in *Holt* v. *Grimard,* 94 N. H. 255, 257. Whether or not the plaintiff was careless under the circumstances disclosed by the evidence in this case was a question of fact. See also, *Savoie* v. *Company,* 95 N. H. 67, 72. The plaintiff was not required to anticipate that the defendant would turn to his left without warning (see Laws 1949, c. 232) after having indicated by applying his brakes and pulling to the right-hand shoulder of the road that he was about to park.

There was no error in the finding that the defendant "slowed down almost to a stop." The defendant testified that he applied his brakes several times but maintained some speed by use of a hand throttle, while the plaintiff testified that the defendant stopped "probably" for a second or two. The plaintiff also testified that he blew his horn "knowing that he wasn't going to stop." The defendant's conduct as found by the Court was not so far different from the plaintiff's description of it, as to make recovery by the plaintiff "inconsistent with honesty and good faith." *Bartis* v. *Warrington,* 91 N. H. 415, 418. *Cf.* *LaDuke* v. *Lord,* 97 N. H. 122, 125. The finding that the defendant did not stop might be thought less prejudicial to him than a contrary finding would have been.

The issues presented were wholly issues of fact as to which the findings of the Trial Court are conclusive. No error of law appears from the record.

*Judgment on the verdicts.*

GOODNOW J., did not sit: the others concurred.